## MILLER et al. *v.* The COMMONWEALTH.

The surety for a public officer is liable for moneys collected by him for the commonwealth on the day of the date of the bond, in the absence of evidence that they were received prior to the execution of the bond and his acting under it; though he had previously been acting in the same capacity under another bond.

IN error from the Common Pleas of Dauphin county.

The evidence was simply this: That in July, 1839, Myers had been appointed collector of tolls for the commonwealth, and given bond. That on the 17th February, 1840, he had given the bond on which this action was brought, with Miller as surety, conditioned to account for and pay over all moneys received as tolls, &c.

On the day of the date of the bond he received $384 from tolls. The court instructed the jury that in the absence of all evidence of the hour of the day when the bond was executed, and Myers entered on the duties pursuant to it, the defendants were liable for the amount received on that day.

*Miller* and *Alricks*, for plaintiff in error, contended, that the burden of proof lay on the plaintiff; the presumption being that the moneys were received while the former bond was in force; 2 Barr, 497; 1 Cowp. 720; 4 Shep. 181; 1 Pick. 484; 1 Met. 129; 9 W. & S. 114.

*Briggs,* contrà.

*June 26.* BURNSIDE, J.—After a careful examination of this case, and the error assigned, we are all of opinion that the charge

of the court was correct, and affirm the judgment, for the reasons given by the president judge.

Judgment affirmed.